# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JAMAL DEAN and LEVON DEAN, JR.,

        Defendants.

No. CR 13-4082-MWB

**ORDER REGARDING
GOVERNMENT'S MOTION FOR
PRELIMINARY RULING AND
PARAGRAPH 4 OF DEFENDANT
JAMAL DEAN'S MOTION IN LIMINE**

***TO BE FILED UNDER SEAL***

_____

This case is before me on the Government's motion for a preliminary ruling on the admissibility of evidence, which it filed on July 28, 2014 (docket no. 217). In its motion, the Government requests a pre-trial ruling on the admissibility of the Government's evidence that Defendant Jamal Dean shot a police officer on April 29, 2013, to escape arrest for an earlier robbery. Specifically, the Government "intends to offer evidence that (1) on April 29 (2) Jamal Dean (3) fired upon an officer (4) with the semiautomatic Mossberg .22 caliber rifle (5) leaving spent .22 caliber casings of Federal ammunition and projectiles behind (6) in his attempt to avoid capture for his conduct" (docket no. 217-1, at 2). The Government argues that this evidence is probative of three of its counts against Jamal Dean, including:

- Counts 6 and 7, possession of a firearm in furtherance of a crime of violence, which requires proof that one or both Defendants possessed a Mossberg .22 caliber rifle in furtherance of an April 15th and April 24th robbery and/or carjacking; and

- Count 9, possessing a firearm as a prohibited person, which requires proof that Jamal Dean possessed the Mossberg .22 caliber rifle.[1]

Defendant Jamal Dean resists the Government's request to admit evidence of the April 29 shooting (docket nos. 227 and 235). In his motion in limine, Jamal Dean argues:

> Pursuant to F.R.Evid. 403 and otherwise, because it would be unduly prejudicial to Defendant, Defendant further requests the Court to order the Government not to offer into evidence, by testimony or otherwise, any and all evidence regarding the April 29, 2013 shooting of Officer McCormick, including but not limited to testimony by the officer, other investigators, forensic specialists, or technicians, Sang Lam, Katie Ward, and any and all other witnesses to the event. The Defendant respectfully suggests to the Court that the only legitimate evidence from this event, under the Indictment, is that Defendant possessed the .22 caliber Mossberg rifle and ammunition.
>
> > a. In particular, but not limited hereto, Defendant requests the Court to order the Government not to offer into evidence any testimony or other evidence regarding Officer McCormick's wounds, or "evidence that the officer was even hit by one of the rounds" (See Government's Brief in Support of Its Motion For Preliminary Ruling on Admissibility of Evidence of April 29 Shooting, p.16.)
> >
> > b. Likewise, Defendant requests the Court to order the Government not to offer any testimony or other

---

[1] In its brief, the Government also claims that "[a]cquisition and possession of [the firearm] are also enumerated overt acts of the conspiracy charged in Count 1" (docket no. 217-1, at 8). But, as indicated in the most recent version of the proposed Jury Instructions, Count 1 does not require proof of any "overt acts" (docket no. 226, at 14 n.2).

> "evidence of the plea or conviction [of Defendant] to
> the attempted murder conviction [in state court]."
> (See Government's Brief in Support of Its Motion For
> Preliminary Ruling on Admissibility of Evidence of
> April 29 Shooting, p.16.)

(Docket no. 235, ¶ 4). The Government concedes that it is willing to forgo offering evidence that Dean actually shot the officer in the head, and that Jamal Dean later pleaded guilty to and was sentenced for attempted murder. The only question is to what extent the Government may offer evidence of the circumstances surrounding the shooting.

In light of the concerns raised by the parties, I find that the Government may offer evidence of the April 29 shooting, but the evidence must be limited to avoid the danger of unfair prejudice. Although Jamal Dean is not on trial for attempted murder here, evidence that Jamal Dean fired the Mossberg .22 caliber rifle on April 29, 2013, is relevant to describe the circumstances surrounding Count 9, Jamal Dean's felon-in-possession charge:

> One of the exceptions to the general rule that evidence of
> other crimes committed by a defendant is inadmissible is
> when the proof provides the context in which the charged
> crime occurred—"the res gestae." *United States v. Moore*,
> 735 F.2d 289, 292 (8th Cir. 1984). "A jury is entitled to
> know the circumstances and background of a criminal
> charge. It cannot be expected to make its decision in a void-
> without knowledge of the time, place, and circumstances of
> the acts which form the basis of the charge." *Id.*

*United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005).

But, like any other relevant evidence, evidence of the April 29 shooting is subject to Federal Rule of Evidence 403's limitations. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Under Rule 403,

> unfair prejudice "speaks to the capacity of some concededly
> relevant evidence to lure the factfinder into declaring guilt
> on a ground different from proof specific to the offense
> charged." *Old Chief v. United States*, 519 U.S. 172, 180,
> 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). As the advisory
> committee's notes accompanying Rule 403 explain: "'Unfair
> prejudice' . . . means an undue tendency to suggest decision
> on an improper basis, commonly, though not necessarily, an
> emotional one." Fed. R. Evid. 403 advisory committee's
> notes.

*United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007). "Under Rule 403, 'great deference' is given to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect." *Id.* (citations omitted).

Applying Rule 403's balancing test to the Government's proffered evidence, I find that the danger of unfair prejudice associated with some of the evidence related to the April 29th shooting substantially outweighs its probative value. In particular, the following evidence risks unfair prejudice:

- That Jamal Dean fired the Mossberg .22 caliber rifle at a police officer or any other person;

- That Jamal Dean hit a police officer with one of the bullets fired;

- That a police officer sustained injuries as a result of Jamal Dean shooting him; and

- That Jamal Dean pleaded guilty to and was sentenced for attempted murder as a result of the shooting.

Invoking evidence of such a serious crime—attempted murder of a police officer— would likely taint the jury's perception of the evidence; it is hard to set aside the thought or suspicion that a defendant is an attempted cop killer. Additionally, evidence

that Jamal Dean shot at a police officer risks reminding the jurors of the past media coverage of the shooting.[2] Evidence that Jamal Dean is an attempted cop killer would likely lure the jurors into deciding this case on the basis of their emotional response to his prior crime of attempted murder. Because that attempted murder is not at issue here, it would be an improper—and thus "unfair"—basis for the jury's decision in this case. Moreover, the risk of this unfair prejudice substantially outweighs the relatively minor probative value of the evidence listed above. To prove Counts 6, 7, and 9, the Government need only offer evidence that Jamal Dean possessed and/or brandished the Mossberg .22 caliber rifle, not that he shot it at a police officer or another person. As I describe below, the Government can offer such evidence without describing the target of (or result of) the April 29th shooting.

The danger of unfair prejudice described above also applies to the police dash-cam video of the April 29th shooting. Even if edited, the nature of such a video would make it clear that the target of the shooting was a police officer.

The Government argues that evidence that Jamal Dean shot at a police officer is probative of two points: (1) firing at a police officer is an admission by conduct of Jamal Dean's guilt for the April 15th and April 24th robbery and carjacking; and (2) firing the gun is evidence that the gun was used in furtherance of the "escape phase" of the robbery and carjacking. But these two points can be explored even with limited evidence of the shooting. To be clear, while I limit the Government's proffered evidence as described above, the Government *may* offer evidence that Jamal Dean possessed and fired the Mossberg .22 caliber rifle on April 29th, and that he did so in

---

[2] Of course, the jury may be reminded of the media coverage despite my decision to limit the evidence. All I can do is attempt to minimize that risk while balancing it against the probative value of the evidence of the April 29th shooting.

attempting to escape following a traffic stop. This evidence is admissible as intrinsic evidence of the factual context of the charges against Jamal Dean, and does not violate Rule 403's balancing test. Of course, the Government may also offer additional evidence of the shooting to the extent that Jamal Dean "opens the door," even if that additional evidence was initially excluded under this order.

**THEREFORE,**

In response to the Government's motion for a preliminary ruling (docket no. 217), and paragraph 4 of Jamal Dean's motion in limine (docket no. 235), I rule that the following evidence related to the April 29th shooting is inadmissible under Rule 403:

- That Jamal Dean fired the Mossberg .22 caliber rifle at a police officer or any other person;
- That Jamal Dean hit a police officer with one of the bullets fired;
- That a police officer sustained injuries as a result of Jamal Dean shooting him;
- That Jamal Dean pleaded guilty to and was sentenced for attempted murder as a result of the shooting; and
- Any video evidence, including the police dash-cam video, of the shooting.

The Government may, however, offer the following evidence:

- That a police officer, or another person, saw Jamal Dean holding the Mossberg .22 caliber rifle during the traffic stop on April 29th;
- That Jamal Dean fired the Mossberg .22 caliber rifle (but without reference to the target);
- That Jamal Dean fired the rifle in an attempt to escape capture following the traffic stop;
- That Jamal Dean possessed ammunition for the rifle.

It is further ordered that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed..

**IT IS SO ORDERED**.

**DATED** this 18th day of August, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA